Wayne Ehlers, Chair Legislative Ethics Board 637 N.W. 84th Street Seattle, WA 98117
Dear Chairman Ehlers:
By letter previously acknowledged, your predecessor, James Andersen, requested an opinion on the following question:
 Does the Legislative Ethics Board have jurisdiction over the Office of the Code Reviser and its employees for the purposes of enforcing RCW 42.52, the Ethics in Public Service Act?
 BRIEF ANSWER
We answer your question in the affirmative. The Ethics in Public Service Act provides the Legislative Ethics Board enforcement authority with respect to the members and employees of the Legislature. RCW 42.52.320. The Office of the Code Reviser is a legislative agency under the supervision of a legislative committee and primarily functions to support the legislative process. The Legislative Ethics Board has jurisdiction over the Office of the Code Reviser and its employees for the purposes of enforcing RCW 42.52, the Ethics in Public Service Act.
 ANALYSIS
The Ethics in Public Service Act (the "Act") regulates the conduct of state officials and state employees and sets ethical standards for fulfilling their public responsibilities. RCW42.52.900. The Act's substantive provisions generally limit the conduct of state officers or employees that might improperly affect the performance of public functions and limit the use of public resources for private, or political, purposes. Seegenerally RCW 42.52. The Act allows for citizens to file complaints for alleged violations of the Act and for an investigation and hearing by an ethics board with the authority to issue sanctions. See RCW 42.52.410, .420, .430, .480.
[original page 2] Enforcement of the Act, including the function of resolving complaints and imposing appropriate discipline, is divided among three multi-member boards, one for each branch of state government. The Legislative Ethics Board enforces the Act with respect to the members and employees of the Legislature. RCW 42.52.320. In the other two branches, these functions are performed by the Executive Ethics Board and the Commission on Judicial Conduct, respectively. RCW 42.52.360
(authority of Executive Ethics Board), .370 (authority of Commission on Judicial Conduct).
Your question therefore requires a determination as to whether the Code Reviser and the employees of that office are "employees of the legislature." RCW 42.52.320. We conclude that they are and, accordingly, the Legislative Ethics Board has jurisdiction to enforce the Act as to them. We so conclude by examining both the organizational structure of the Code Reviser's Office and its statutory functions. The structure of the Ethics in Public Service Act itself also supports the conclusion that the Legislative Ethics Board has jurisdiction.
Looking first to the organizational structure, the Code Reviser is hired by the Statute Law Committee. RCW 1.08.011. The Statute Law Committee, in turn, is composed of eleven members, of whom eight are clearly affiliated with the legislative branch and three are appointed from outside the legislative branch. RCW1.08.001. Four are members of the Legislature, four more are legislative officers, and one each is appointed by the Governor, the Chief Justice, and the Board of Governors of the Washington State Bar Association.[1] Id. The inclusion of the Code Reviser's Office within an organizational structure headed by a predominantly legislative committee strongly indicates that it falls within the legislative branch of government.
The Legislature has also treated the Statute Law Committee, including the Code Reviser, as a legislative agency for purposes of the state budget.[2] The most recent state budget included appropriations for the Statute Law Committee within a series of appropriations for legislative agencies. Laws of 2005, ch. 518, §§ 101-07 (listing the Statute Law Committee among a series of sections providing appropriations for legislative agencies). See also 2006 Washington State Legislative Budget Notes at 53 (listing the Statute Law Committee among legislative agencies). The Legislature also provided within the most recent biennial budget act that funds may be shifted administratively among various "legislative agencies," including the Statute Law Committee. Laws of 2005, ch. 518, § 108. Since the Code Reviser's Office operates under the general supervision of the Statute Law Committee (RCW 1.08.015), and since the Code Reviser is not treated separately in the state budget, this treatment also strongly indicates that organizationally, the Code Reviser falls within the legislative branch.
[original page 3] Next, the statutory functions of the Code Reviser's Office are legislative in nature. The Office of the Code Reviser was created in 1951 to compile[3] the statutory law of a general and permanent nature of the state of Washington as enacted by the Legislature into a code by title, chapter, and section without substantive change. Laws of 1951, ch. 157, § 6 (codified as RCW 1.08.013). The Code Reviser primarily functions in support of the Legislature by compiling, codifying, and publishing the session laws of Washington State and its legislative history. Suitable office and storage space for the Code Reviser are required to be located for the convenience of the Legislature and the state law library.[4] RCW 1.08.033. The Code Reviser also revises the enacted laws by submitting to the Legislature recommendations for the enactment or reenactment of legislation to correct legislative deficiencies, conflicts, or obsolete provisions. RCW 1.08.015-.025. The Office of the Code Reviser has also supported the Legislature's members with bill drafting services. Laws of 1953, ch. 257, § 6. Such bill drafting services are confidential, non-partisan, and provided without advocating for or against a legislative measure. RCW 1.08.027.
In addition to supporting the Legislature directly, the Office of the Code Reviser performs other legislative functions. The Office supports quasi-legislative activity by administrative agencies. The Code Reviser codifies the administrative rules, publishes the Washington State Register (which includes proposed rules and adopted rules), and compiles and publishes a report, on a quarterly basis, of agency rule-making activity. RCW 1.08.110-.112. The Office of the Code Reviser also supports citizen legislative activity by reviewing, recommending revisions or alterations, and issuing a certificate of review for proposed initiative ballot measures. RCW 29A.72.020. Citizen-initiated ballot measures are an exercise of legislative power. Const. art. II, § 1.
The structure of the Ethics in Public Service Act also supports the conclusion that the Legislative Ethics Board has jurisdiction over the Office of the Code Reviser. The Act applies to all state officers and employees. See RCW 42.52.010(18), (19) (defining the terms "state officer" and "state employee"); see also AGO2003 No. 12, at 4-5 (concluding that the Act applies to state officers and employees but not local officers and employees). Jurisdiction to consider complaints and to render advisory opinions is divided among three multi-member boards. RCW42.52.320 (Legislative Ethics Board), .360 (Executive Ethics Board), .370 (Judicial Conduct Commission). The evident intent of this structure for enforcement of the Act is to collectively cover all of state government through three boards with jurisdictional authority corresponding to particular branches of government. As an alternative to the organizational and[original page 4] functional analysis presented above, one might therefore approach your question by asking its converse: If the Legislative Ethics Board lacks jurisdiction over the Code Reviser's Office, in which other board might jurisdiction be vested? Nothing in the Act suggests that either the Executive Ethics Board or the Judicial Conduct Commission could assert a superior claim to jurisdiction over the Code Reviser. The Code Reviser's connections to either the executive or judicial branches are slight, while its organizational and functional connections to the Legislature are profound.
The foregoing analysis strongly suggests that the Code Reviser is an officer in the legislative branch of state government, given the organizational structure of the office and its functions and duties.[5] The structure of the Ethics in Public Service Act independently supports the conclusion that the Legislative Ethics Board possesses jurisdiction over the Office of the Code Reviser by failing to suggest any realistic alternative to that conclusion. By contrast, we find no statutory law suggesting that the Code Reviser is an officer in either the executive or the judicial branch of state government. Although the Code Reviser interacts at times with executive and judicial agencies, and the Statute Law Committee contains members designated by judicial or executive officers, the core functions of the office are legislative in nature, and the connections with the legislative branch significantly outweigh any connections with the executive or judicial branches of the government.
In summary, the Office of the Code Reviser is a legislative agency performing multiple legislative functions. The Code Reviser and its employees are hired by the Statute Law Committee, a legislative committee. Since the Office of the Code Reviser is employed by a legislative committee and supports the legislative functions, it is subject to the Ethics in Public Service Act. The Legislative Ethics Board enforces the Act with respect to the members and employees of the Legislature (RCW 42.52.320) and has jurisdiction over the Office of the Code Reviser and its employees.
We trust this opinion will be of assistance to you.
Sincerely,
ROB McKENNA Attorney General
TIMOTHY D. FORD Deputy Solicitor General
:pmd
[1] The Statute Law Committee membership was recently amended by Laws of 2005, ch. 409, which in its legislative final bill report referred to the Code Reviser's Office as "a legislative agency." Final Bill Report on Substitute H.B. 1847, at 1, 59th Wash. Leg., Reg. Sess. (Laws of 2005, ch. 409). At a legislative hearing on SHB 1847, its sponsor, Representative Kathy Haigh, stated that the Code Reviser's "primary customers are committee staff and legislators." House State Government Operations 
Accountability Committee hearing on February 23, 2005, found at http://www.tvw.org/MediaPlayer/Archived/WME.cfm?EVNum=2005021259TYPE=A (1:07:06-10) (last visited Sept. 21, 2006).
[2] The Washington State Legislature's web site also lists the Code Reviser's Office as a "legislative agency." Found at: http://www1.leg.wa.gov/LegislativeAgencies (last visited Sept. 21, 2006).
[3] "Compilation is a mere bringing together of pre-existing statutes, with no change in wording, under an arrangement designed to facilitate use. Revision, on the other hand, is a change in the pre-existing law. It must be accomplished by enactment or reenactment of a finished product by the legislature." Richard O. White, Code Revision in the LegalProcess, 62 Law Library Journal 201, found electronically at http://www.secstate.wa.gov/oralhistory/white (last visited Sept. 21, 2006).
[4] The offices of the Code Reviser were moved from the Temple of Justice to the Legislative Building in part to provide better support for the Legislature. Richard O. White, Fifty Years ofLegislative Practice and Code Making in the State of Washington:A Retrospective (Sept. 28, 2002), found at http://www.secstate.wa.gov/oralhistory/white (last visited Sept. 21, 2006).
[5] Our reliance upon these factors is comparable to the Court of Appeals' reliance upon similar factors in the context of determining whether a particular entity is "the functional equivalent of a public agency for a given purpose." Telford v.Thurston Cy. Bd. of Comm'rs, 95 Wn. App. 149, 161, 974 P.2d 886
(1999). Among the factors that the Court found helpful in making its determination were the nature of the entity's governmental function, its source of funding, and the extent of governmental involvement or control over the organization. Id. at 163-65;see also AGO 2002 No. 2 (applying the Telford factors). We similarly find persuasive an analysis of the functions performed by the Code Reviser's Office, the Legislature's decision to fund it through appropriations to the legislative branch, and the extent of control over the office exercised by legislative branch members of the Statute Law Committee.